UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSON,                       Case No. 1:25-cv-00294

     Plaintiff,                          Hon. Robert J. Jonker
                                              U.S. District Judge

v.

KENT COUNTY CIRCUIT
COURT CLERK, et al.,

     Defendants

_____/

## REPORT AND RECOMMENDATION

### I. Introduction

On March 17, 2025, *Pro se* Plaintiff Jeffery Jackson filed the complaint in this case against Kent County Circuit Court Clerk, Kent County District Court Clerk, and Unknown Parties. (ECF No. 1.) Jackson says that he is being denied "lawful access to court records necessary for prosecuting federal litigation in the Western District of Michigan." (*Id.*, PageID.1.) Jackson says that Defendants refused to provide him access to "all closed civil and criminal case records under his name from the Kent County Circuit Court Clerk's Office." Jackson says this violates his Fifth Amendment and First Amendment rights, and 28 U.S.C. § 1915 because he is indigent. (*Id.*, PageID.3.) Jackson explains:

> 3. Plaintiff is an indigent litigant proceeding under 28 U.S.C. § 1915, which entitles him to court documents without cost under federal law. Defendants' unlawful refusals directly obstructed Plaintiff's ability to prosecute federal cases, violating Plaintiff's Fifth Amendment Due Process rights, First Amendment Right to Petition, and 42 U.S.C. § 1983 protections.

(*Id.*, PageID.2.)

Jackson has repeatedly filed frivolous lawsuits in this Court. As a result, on March 26, 2025, this Court issued an order requiring Jackson to prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to practice in the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought in bad faith. *Jackson v. U.S. Government*, No. 1:25-cv-196 (ECF No. 8, PageID.28).

This lawsuit is also frivolous, malicious, and brought in bad faith. However, because Jackson filed this lawsuit before the Court imposed the above restriction, it is recommended that the Court grant Jackson's motion to proceed *in forma pauperis* (ECF No. 2), and then screen this case, and dismiss it as frivolous and malicious and for failing to state a claim.

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id*. The court

must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III. Analysis**

Jackson says that because he is indigent, he is entitled to pursue his litigation without having to pay any costs. That is neither legally nor factually true. Jackson has been granted the privilege of filing his complaint in federal court *in forma pauperis*. 28 U.S.C. § 1915. When a federal court grants a plaintiff the privilege of proceeding *in forma pauperis*, the plaintiff may file a complaint without the prepayment of a filing fee. The privilege extends to the filing fee and the Court will provide some assistance regarding service. The Court does not, however, pay for the entire scope of an indigent plaintiff's litigation. Ultimately, it is the plaintiff who is responsible for the costs of litigation, including discovery.

The Court does not provide funding to pay the costs of the Jackson's litigation.

It remains Jackson's responsibility to pay the costs of his litigation. It is well-settled that litigants generally bear their own litigation expenses. *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's [litigation] efforts"); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Kirk v. Simpson*, No. 93-5668, 1994 WL 443461, at *2 (6th Cir. Aug. 15, 1994).

### IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and malicious, and fails to state a claim upon which relief may be granted.

Dated:  March 28, 2025                                      /s/ *Maarten Vermaat*
                                                                                    MAARTEN VERMAAT
                                                                                    U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).